UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN WILLIAMS | CIVIL ACTION |
| VERSUS | CASE NO. 21-101 |
| SENTRY INSURANCE COMPANY et al. | SECTION: "G" (1) |

# ORDER

This action arises out of an alleged vehicle collision in New Orleans, Louisiana.[1] Plaintiff Calvin Williams ("Plaintiff") filed this action against Defendants Rachel Hitchins, Southeastern Door and Window Inc., and Sentry Insurance Company (collectively, "Defendants") in the Civil District Court for the Parish of Orleans, State of Louisiana.[2] Defendants removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Pending before the Court is Defendants' motion for summary judgment.[4] The instant motion was filed on May 12, 2021, and noticed for submission on June 2, 2021.[5] Pursuant to Eastern District of Louisiana Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed any opposition to the motion, and therefore the motion is deemed to be unopposed. The Court has authority to grant a motion that is unopposed, although it is not required

---

[1] Rec. Doc. 1-5.

[2] *Id.*

[3] Rec. Doc. 1.

[4] Rec. Doc. 10.

[5] *Id.*

to do so.[6] District courts may grant an unopposed motion as long as the motion has merit.[7]

In the instant motion for summary judgment, Defendants request summary judgment on Plaintiff's claims pursuant to Federal Rule of Civil Procedure 56.[8] Defendants argue that all claims asserted by Plaintiff have prescribed under Louisiana Civil Code article 3492.[9] Plaintiff has not responded to the instant motion for summary judgment.

Louisiana Civil Code article 3492 provides that tort claims are subject to a one-year prescriptive period that "commences to run from the day injury or damage is sustained."[10] Under Louisiana law, if prescription is raised through a motion for summary judgment, "the movant is required to prove, based solely on documentary evidence and without the benefit of testimony at a hearing, that there is no genuine material factual issue in dispute regarding the date upon which the plaintiffs acquired actual or constructive knowledge of the damage sufficient to commence the running of prescription."[11]

In the Petition, Plaintiff alleges that the accident at issue in this litigation occurred on October 15, 2019.[12] However, the Petition was not filed until December 3, 2020, over one year after the alleged accident.[13] In the Petition, Plaintiff alleges that his "vehicle was violently hit

---

[6] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[7] See *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[8] Rec. Doc. 10.

[9] *Id.* at 8.

[10] La. Civ. Code art. 3492.

[11] *Hogg v. Chevron USA, Inc.*, 2009-2632 (La. 7/6/10), 45 So. 3d 991, 998.

[12] Rec. Doc. 1-5 at 1.

[13] *Id.*

causing his vehicle to smash into the vehicle in front of him causing severe injuries to [Plaintiff] as well as to his vehicle on the front and rear."[14] Therefore, the face of the Petition reveals that Plaintiff had actual or constructive knowledge of the damage on the date of the accident and that his claim has prescribed. Moreover, Plaintiff has not opposed the instant motion or raised any genuine factual dispute regarding the date upon which Plaintiffs acquired actual or constructive knowledge of the damage sufficient to commence the running of prescription. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Rachel Hitchins, Southeastern Door and Window Inc., and Sentry Insurance Company's motion for summary judgment[15] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __17th__ day of June, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[14] *Id.*

[15] Rec. Doc. 23.